No. 6952.

ALFRED S. BASS VS. WM. R. MESSICK, SHERIFF, ET AL. ALCUS SCHERCK & AUTEY, INTERVENORS.

The mere fact that one member of an ordinary, planting partnership is entrusted with the management of the plantation, will not authorize him to make a *dation* in payment of certain property of the partnership to one of the partnership creditors, and thus place the interest of his copartner, in said property, beyond the reach of other creditors of the partnership.

APPEAL from the Seventh Judicial District Court, parish of Avoyelles. Yöist, J.

*Irion & Thorpe* for plaintiff and appellant.

*Thos. Overton* and *E. J. Joffrion* for defendant.

*H. A. Bordelon* for intervenors and appellees.

The opinion of the court was delivered by

SPENCER, J. Alcus Scherck & Autey having become owners by transfer of a judgment against J. W. Bass & Co., a planting partnership composed of J. W. Bass and Thomas T. A. Lyon, issued execution, and the sheriff seized a portable steam engine and other movables connected with it, and four mules, all at the time in possession of Alfred S. Bass.

All of said property, except the mules, belonged originally to J. W. Bass & Co., the mules to J. W. Bass.

J. W. Bass, who seems to have been the managing partner of Bass

& Co., had employed his sons, Alfred S. Bass and D. W. Bass, as managers of the plantations worked by the partnership, and there seems no serious doubt that the firm was indebted to them in quite large amounts of money. The firm also owed their factors, Alcus Scherck & Autey, about $30,000 or more, and was evidently largely insolvent. In January, 1875, J. W. Bass, who subsequently confessed judgments *individually* in favor of his sons, transferred to Alfred S. Bass a number of mules, and the engine and tackle seized, and to his son D. W. Bass the four mules seized, in satisfaction *pro tanto* of their claims.

The sheriff having, as stated, seized the engine and machinery, and the four mules in A. S. Bass's possession, the latter enjoined the sale, making the sheriff alone defendant. Alcus Scherck & Autey thereupon intervened and joined the sheriff. A. S. Bass claims all the property as his own, except the four mules which he claims as lessee of his brother.

The defendant and intervenors plead a general denial, and that the property belonged to the firm of J. W. Bass & Co., and that plaintiff's title, if any he had, was fraudulent and simulated. The seizure was made in September, 1876.

The evidence satisfies us, as it did the district judge, that these *dations en paiement* were not simulations, but real contracts, with valid considerations to rest upon. So far, therefore, as they transferred the property and interests of J. W. Bass, they could not be attacked by seizure, however fraudulent they may have been as to other creditors over whom preference was thus given.

But, as before stated, the property transferred to A. S. Bass and seized by the sheriff belonged to the partnership of J. W. Bass & Co., an ordinary planting association. Plaintiff's counsel contends that as J. W. Bass was the managing partner he had the right to sell and dispose of the partnership property in liquidation of the partnership debts. It is not pretended that J. W. Bass derived any such authority from the articles of partnership; nor that any special power was ever given him by his partner Lyon to do so. True, it is shown that, by Lyon's acquiescence and perhaps consent, J. W. Bass managed and administered the partnership business, but we do not think the power to alienate the property composing the capital of the firm can be inferred or implied from this fact. We think that it clearly results from articles 2867 and 2870 of the Civil Code that the power of administration which carries with it that of alienation must be specially given in writing, either in the articles of partnership or otherwise.

It is further contended that Lyon was advised or knew of these transfers by J. W. Bass to his sons, and made no objections. J. W. Bass so swears, but Lyon, who seems to be without interest in the matter, swears that they were made without his knowledge, consent, or acquies-

Bass vs. Messick.

cence. A. S. Bass swears that Lyon saw him using the things for his own purposes, but admits that he does not know that he was aware of their having been transferred to him by his father. Another witness swears to a conversation with Lyon, but speaks hesitatingly about it—and at most says that Lyon knew of the transfer. We think the district judge correctly held that Lyon's half of the property was not conveyed by the acts of J. W. Bass.

We think the evidence shows that the gin-stand seized was bought for A. S. Bass and paid for by him, and is his separate property. The judgment appealed from must be amended so as to perpetuate the injunction as to it. We decline to allow damages either way, as we think the parties have both been partly right and partly wrong, and may therefore well compensate their respective damages.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be so amended as to perpetuate the injunction as to the gin-stand in its entirety, and that in other respects the said judgment be affirmed; the costs of appeal to be borne by appellees.